UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICOLE F.,
               Plaintiff,

     v.                                          8:18-CV-760
                                                     (DJS)
ANDREW M. SAUL,[1] *Commissioner of Social Security*,
               Defendant.
_____

**APPEARANCES:**                          **OF COUNSEL:**

SCHNEIDER & PALCSIK          MARK A. SCHNEIDER, ESQ.
Attorney for Plaintiff
57 Court Street
Plattsburgh, New York 12901

U.S. SOCIAL SECURITY ADMIN.    JEAN DEL COLLIANO, ESQ.
OFFICE OF REG'L GEN. COUNSEL
REGION II
Attorney for Defendant
26 Federal Plaza - Room 3904
New York, New York 10278

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER[2]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled for

---

[1] Mr. Saul became Commissioner on June 17, 2019 and is substituted as the Defendant pursuant to FED. R. CIV. P. 25(d).

[2] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 6 & General Order 18.

purposes of disability insurance benefits. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 11 & 12. Plaintiff has also filed a Reply. Dkt. No. 15. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied. The Commissioner's decision is reversed and the matter is remanded to the Commissioner for further proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1988. Dkt. No. 8, Admin. Tr. ("Tr."), p. 183. Plaintiff reported having completed tenth grade. Tr. at p. 157. She has past work experience as a cashier, dishwasher, janitor, and maid. Tr. at p. 157. Plaintiff alleges disability based upon tremors, hydro thyroid, bipolar disorder, depression, social anxiety, and paranoia disorder. Tr. at p. 156.

### B. Procedural History

Plaintiff applied for supplemental security income benefits on September 15, 2015. Tr. at p. 15. She alleged a disability onset date of September 15, 2008. Tr. at p. 64. Plaintiff's application was initially denied on October 22, 2015, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 76-80 & 85. Plaintiff appeared at a hearing before ALJ Charlie M. Johnson on August 29, 2017 at which she and a vocational expert testified. Tr. at pp. 30-63. On December 19, 2017, the ALJ issued a written decision finding Plaintiff was not disabled under the

Social Security Act. Tr. at pp. 15-25. On June 13, 2018, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

### C. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 8, 2015, the alleged onset date. Tr. at p. 17. Second, the ALJ found that Plaintiff had the following severe impairments: post-traumatic stress disorder, bipolar disorder, depressive disorder, anxiety disorder, and substance use disorder. Tr. at p. 18. The ALJ also found that Plaintiff had numerous non-severe impairments, including carpal tunnel syndrome, tremors, and thyroid gland disorder. Tr. at pp. 17-18. Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at pp. 18-19. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform the full range of work at all exertional levels, but could interact with others only occasionally. Tr. at p. 19. Fifth, the ALJ found that Plaintiff has no past relevant work. Tr. at p. 23. The ALJ then found that there was work existing in significant numbers in the national economy that Plaintiff could perform. Tr. at p. 24. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 24.

3

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that

which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial

5

gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.  Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further."  *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### C. The Parties' Briefings on Their Cross-Motions

In her brief, Plaintiff raises five grounds for review.  First, she contends that the ALJ erred in failing to provide sufficient weight to her treating providers.  Dkt. No. 11, Pl.'s Mem. of Law, pp. 10-15.  Second, Plaintiff contends that the ALJ erred at step two of the sequential analysis in not finding her carpal tunnel syndrome and tremors to be severe impairments.  *Id.* at pp. 15-16.  Third, Plaintiff contends that the ALJ erred in not finding that Plaintiff met one or more of the 20 C.F.R. § 404, Subpart P, App. 1 Listings.  *Id.* at pp. 16-18.  Fourth, Plaintiff alleges that she is unable to work as a result of the combination of her impairments.  *Id.* at pp. 18-20.  Finally, Plaintiff alleges that the ALJ erred in not crediting her testimony.  *Id.* at pp. 20-27.

In response, Defendant contends that the ALJ properly evaluated Plaintiff's medical conditions at step two of the sequential analysis.  Dkt. No. 12, Def.'s Mem. of

6

Law, pp. 4-6. Defendant also asserts that Plaintiff did not satisfy the requirements for any of the Listings. *Id.* at pp. 6-9. Third, Defendant argues that the ALJ's RFC determination was supported by substantial evidence and that the ALJ properly considered the opinion evidence. *Id.* at pp. 9-16. Finally, Defendant defends the ALJ's assessment of Plaintiff's testimony. *Id.* at pp. 16-20.

### III. ANALYSIS

"The ALJ is required to provide rationale in the written decision sufficient to allow this Court to conduct an adequate review of his findings." *Shanaye S.M. v. Comm'r of Soc. Sec.*, 2019 WL 1988672, at *4 (N.D.N.Y. May 6, 2019) (citing cases); *see also Aregano v. Astrue*, 882 F. Supp. 2d 306, 320 (N.D.N.Y. 2012) ("A hearing officer must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision"). "The ALJ must 'build an accurate and logical bridge from the evidence to [his] conclusion to enable a meaningful review.'" *Hickman ex rel. M.A.H. v. Astrue*, 728 F. Supp. 2d 168, 173 (N.D.N.Y. 2010) (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)). In this case, a review of the ALJ's decision, the record evidence, and the arguments of the parties demonstrates that the decision fails to adequately explain the basis for the ALJ's conclusions. As outlined below, several of the issues raised by the parties here involve matters addressed by the ALJ in a manner that make it difficult for this Court to

7

undertake a meaningful review of the merits. Under the circumstances, the appropriate course of action is to remand the matter for further proceedings.[3]

### A. Consideration of Plaintiff's Disabilities Under the Listings

Plaintiff contends that she should have been found disabled due to her mental impairments under Listings 12.03, 12.04, 12.06, and 12.15. Pl.'s Mem. of Law at pp. 16-18. The ALJ found that Plaintiff did not satisfy the requirements for any of these Listings. Tr. at pp. 18-19. To meet Listings 12.04 and 12.06 "a claimant must establish the criteria of paragraphs A and B or the criteria of paragraphs A and C." *Gabriel C. v. Comm'r of Soc. Sec.*, 2019 WL 4466983, at *4 (N.D.N.Y. Sept. 18, 2019). The same is true of Listings 12.03, *Nieves v. Colvin*, 2017 WL 5159765, at *2 (E.D.N.Y. Nov. 7, 2017), and 12.15. *Houston v. Comm'r of Soc. Sec.*, 2019 WL 1529472, at *4 (W.D.N.Y. Apr. 8, 2019).

With regard to the paragraph B criteria, the ALJ undertook a consideration of the relevant factors. *Id.* As to the paragraph C criteria, however, the ALJ noted simply that he had considered the criteria and concluded that "the evidence fails to establish the presence of the paragraph C criteria." Tr. at p. 19. The decision does not identify the paragraph C criteria or offer any reasoning to support the conclusion that the criteria were not met. *See id.* An individual who establishes that their condition satisfies the criteria in a Listing is deemed disabled. *Russell v. Colvin*, 2015 WL 570828, at *10

---

[3] Plaintiff specifically seeks reversal solely for a determination of benefits, Pl.'s Mem. of Law at p. 27, but the record before the Court does not warrant such a determination at this time.

8

(N.D.N.Y. Feb. 11, 2015). The fact that the ALJ neither identified the paragraph C criteria nor specifically addressed why he concluded that Plaintiff did not meet the criteria "warrants remand for further explanation." *Rivera v. Colvin*, 2015 WL 1027163, at \*14 (S.D.N.Y. Mar. 9, 2015) (citing cases); *see also Aregano v. Astrue*, 882 F. Supp. 2d at 320 (remanding when consideration of paragraph C was not sufficiently detailed to permit review).

### B. Consideration of the Medical Opinions

The ALJ's treatment of two medical opinions in the record also makes it difficult for this Court to assess the merits of the arguments raised by the parties.

The medical opinion from Dr. Dov Rapoport found that Plaintiff had limited understanding and memory and that her ability for sustained concentration and persistence and social interaction were limited. Tr. at p. 309. He also found that Plaintiff's ability to work with others was "very limited." *Id.* In considering this opinion the ALJ afforded "significant weight" to that portion of Dr. Rapoport's opinion which found Plaintiff had a limited ability to work with others and engage in social interaction. The ALJ reached that conclusion because "it is consistent with the claimant's reported daily activities and mental status examinations." Tr. at p. 21. The ALJ afforded just "little weight" to Dr. Rapoport's opinion regarding Plaintiff's understanding, memory, concentration and persistence finding that "it is not consistent with his own clinical findings of fair concentration and memory." *Id.*

9

While it is entirely permissible to focus on certain parts of a report over others "an administrative law judge must have a sound reason for weighting portions of the same-source opinions differently." *Dowling v. Comm'r of Soc. Sec.*, 2015 WL 5512408, at *11 (N.D.N.Y. Sept. 15, 2015). Here, the ALJ failed to explain the reasoned basis for his mixed conclusion regarding Dr. Rapoport's opinion in a manner that permits meaningful review. The most obvious question raised by the ALJ's conclusion relates to his crediting Plaintiff's report of daily activities with regard to her ability to relate to others, while not finding her overall allegations and testimony compelling. *Compare* Tr. at p. 21 (limitations imposed by Dr. Rapoport's opinion are "consistent with claimant's reported daily activities") *with* Tr. at p. 23 (outlining reasons why ALJ found "claimant's allegations and testimony are rendered less compelling"). If, as it would appear from the ALJ's decision, that he found Plaintiff's subjective complaints less disabling than Plaintiff alleged, it is hard to understand how they provide substantial evidence for Dr. Rapoport's restrictive opinion of Plaintiff's ability.

The ALJ's other ground for affording Dr. Rapoport's opinion that Plaintiff was very limited in her ability to work with others significant weight is also not adequately explained. The ALJ found this opinion consistent with examinations finding Plaintiff could communicate well and had a cooperative attitude. Tr. at p. 21. The Court finds it unclear how these seemingly positive assessments of Plaintiff's skills support a finding that she has a limited ability to work with others and socially interact.

10

The ALJ's decision to afford "little weight" to the report of consultative examiner Dr. Gina Scarano-Osika, Tr. at p. 22, is also not explained in a manner to enable this Court to undertake its obligation for meaningful review. Among the findings of Dr. Scarano-Osika noted by the ALJ were that Plaintiff was "very depressed," that she was "unable to retrieve information or word meanings at a level deemed to be average," and that she was unable to complete mathematical word problems. Tr. at p. 22. The sole basis for concluding that the opinion was entitled to less weight was that it was inconsistent with other evidence in the record showing Plaintiff to have normal calculation skills. *Id.* While its consistency with other evidence in the record is clearly a basis for potentially affording this opinion less weight, the ALJ did not address the totality of the opinion and instead may have "improperly credit[ed] evidence that supports findings while ignoring conflicting evidence from the same source." *Dowling v. Comm'r of Soc. Sec.*, 2015 WL 5512408, at *11. Without a more complete explication of his reasoning, however, the Court is simply unable to determine whether the ALJ's analysis was erroneous.

### C. Consideration of Plaintiff's Subjective Complaints

Finally, the ALJ's assessment of Plaintiff's subjective complaints also fails to provide an adequate basis for review. Under SSR 16-3p, the ALJ was obligated to "carefully consider all the evidence presented by claimants regarding their symptoms, which fall into seven relevant factors including daily activities and the location, duration, frequency, and intensity of their pain or other symptoms." *Debra T. v. Comm'r*

*of Soc. Sec.*, 2019 WL 1208788, at *9 (N.D.N.Y. Mar. 14, 2019) (quoting *Del Carmen Fernandez v. Berryhill*, 2019 WL 667743, at *9 (S.D.N.Y. Feb. 19, 2019) (internal quotations and alterations omitted).

> The evaluation of symptoms involves a two-step process. First, the ALJ must determine, based upon the objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms alleged...." 20 C.F.R. §§ 404.1529(a), (b); 416.929(a), (b).
>
> If so, at the second step, the ALJ must consider "'the extent to which [the claimant's] alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the [objective medical evidence] and other evidence to decide how [the claimant's] symptoms affect [her] ability to work.'" *Barry v. Colvin*, 606 F. App'x 621, 623 (2d Cir. 2015) (citing *inter alia* 20 C.F.R. § 404.1529(a); *Genier v. Astrue*, 606 F.3d at 49) (alterations in original). If the objective medical evidence does not substantiate the claimant's symptoms, the ALJ must consider the other evidence. *Cichocki v. Astrue*, 534 F. App'x 71, 76 (2d Cir. 2013) (citing superseded SSR 96-7p). The ALJ must assess the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

*Debra N. v. Comm'r of Soc. Sec.*, 2019 WL 1369358, at *7 (N.D.N.Y. Mar. 26, 2019).

> When an ALJ determines that a claimant's own statements regarding her symptoms are not supported by the record, that "decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms."

*Frazier v. Comm'r of Soc. Sec.*, 2017 WL 1422465, at *11 (S.D.N.Y. Apr. 20, 2017) (quoting SSR 16-3p, 2016 WL 1119029 at *9 (Mar. 16, 2016)).

The ALJ recognized this obligation under SSR 16-3p and identified the seven relevant considerations. Tr. at pp. 22-23. His analysis of those factors resulted in a conclusion that "the claimant's allegations and testimony are rendered less compelling." Tr. at p. 23. His analysis was very brief, however, and fails to provide what the *Frazier* court called a "clearly articulated" explanation of his conclusion. The ALJ concluded that Plaintiff's "reported daily activities are greater than one might expect, given her allegations of mental disability." Tr. at p. 23. In support of this finding, the ALJ cited a number of different facts including that Plaintiff had a boyfriend, watched television and played games on her cellphone, went four-wheeling, and went target practice shooting. *Id.* Nothing is offered to connect these activities to Plaintiff's alleged psychiatric conditions, however, or to explain how having a boyfriend or watching television, for example, undermine Plaintiff's subjective allegations. Moreover, the ALJ recognized that while Plaintiff used to go out for coffee in the morning, she has not gone for more than a year. *Id.* This fact would seem to be consistent with Plaintiff's subjective reporting of an inability to be in public and consistent with Dr. Rapaport's assessment, but the ALJ offers no explanation as to why he viewed it differently or why this fact serves to undercut Plaintiff's subjective claims.

"Where 'the evidence of record permits [the court] to glean the rationale of an ALJ's decision, [the ALJ is not required to explain] why he considered particular

13

evidence unpersuasive or insufficient to lead him to a conclusion of disability.'" *Barringer v. Comm'r of Soc. Sec.*, 358 F. Supp. 2d 67, 79 (N.D.N.Y. 2005) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)). Where, as here, the record does not establish the ALJ's rationale, the absence of more explanation is error. *Szarowicz v. Astrue*, 2012 WL 3095798, at *4 (W.D.N.Y. July 30, 2012) (citing cases).

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REVERSED** and the matter is **REMANDED** pursuant to sentence four of section 405(g) for further proceedings; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: September 27, 2019
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

14